IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KERRY COLEY, #Y35111,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DENTIST SANDHU,** )<br>**WEXFORD HEALTH SOURCES, INC.,** )<br>**DENTIST TRAN,** )<br>**VINYARD, and** )<br>**JANE DOE 1,** )<br>)<br>**Defendants.** ) | Case No. 24-cv-00807-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kerry Coley filed a First Amended Complaint pursuant to 42 U.S.C. § 1983 for constitutional deprivations stemming from the alleged denial of dental care at Centralia Correctional Center. (Doc. 13). The First Amended Complaint is now subject to screening under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 13, pp. 1-22): Plaintiff's wisdom teeth were extracted in June 2023. *Id*. at 7. Tooth fragments were left behind, and a second procedure was required to remove them. Another tooth cracked in the process. *Id*.

Plaintiff submitted requests for dental treatment at Centralia on July 19, 2023. Dr. Tran examined the tooth and recommended extraction, but explained that he could not perform the procedure because the facility's suction machine was broken. Plaintiff complained of pain and

1

asked Dr. Tran to expedite the procedure. Dr. Tran denied the request and gave Plaintiff ibuprofen (200 mg) and acetaminophen (325 mg) instead. This did nothing to help. *Id*.

Plaintiff submitted additional sick call slips and was called to the HCU again on August 16, 2023. Dr. Tran indicated that the suction machine was still broken and said the procedure would be delayed until it was repaired. When Plaintiff asked for treatment with an outside provider, Dr. Tran denied the request and gave Plaintiff more ibuprofen (400 mg) and acetaminophen (325 mg). He explained that Wexford's policy required treatment of dental issues inside the institution whenever possible. *Id*. at 8.

Plaintiff lost a filling from the tooth on August 28, 2023. He submitted a request for treatment without delay, and he was seen in the HCU by a nurse practitioner the following day. She escorted him to the dental department, where she found no dentist on duty because Wexford did not employ a full-time dentist at the facility. The nurse practitioner told an unknown dental assistant (Dental Assistant Jane Doe) that Plaintiff should be sent for outside treatment, but the dental assistant refused. Plaintiff reported pain with eating and drinking, and his family continued requesting dental care on his behalf. *Id*.

Dr. Sandhu and Dental Assistant Doe met with Plaintiff on September 12, 2023. Dr. Sandhu came from another facility and offered to extract Plaintiff's cracked tooth without the suction machine. Alternatively, Dr. Sandhu offered to let Plaintiff wait until the machine was fixed. At the time, no one knew when this would occur. Dr. Sandhu stated he was "eighty percent sure" he could address the issue. Plaintiff agreed to move forward with the procedure. Without the suction machine, he choked on blood. He later developed an infection, and another dentist treated him in the HCU. *Id*.

On September 6, 2023 and September 22, 2023, Plaintiff submitted grievances to complain

about the fact that Health Care Unit (HCU) Administrator Vinyard were not ensuring Wexford's compliance with IDOC guidelines for emergency dental care. *Id*. at 9. Vinyard ignored his concerns. Plaintiff claims he faced a dental emergency at Centralia that should have been addressed on an expedited basis. As a result, Plaintiff suffered unnecessary and prolonged pain. *Id*.

## Discussion

The Court designates the following claims in this *pro se* First Amended Complaint:

Count 1: Eighth Amendment claim against Dentist Sandhu, Dentist Tran, Dental Assistant Doe, and HCU Administrator Vinyard for exhibiting deliberate indifference to Plaintiff's dental care needs at Centralia in 2023.

Count 2: Eighth Amendment claim against Wexford for its policy, custom, or practice of treating all dental issues inside the facility, failing to staff the prison with a full-time dentist, and delaying treatment of emergency dental issues at Centralia in 2023.

Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Count 1

An Eighth Amendment claim for the denial of dental care requires a plead facts suggesting a sufficiently serious medical need and deliberate indifference on the part of the defendant(s). *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). An objectively serious medical need is one that has been diagnosed as requiring treatment, one involving an obvious need for treatment, or one that involves substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). A prison official shows deliberate indifference when he or she "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Treatment

delays may rise to the level of deliberate indifference, if they exacerbate an injury or unnecessarily prolong pain. *Gutierrez*, 111 F.3d at 1373.

Plaintiff's allegations state colorable claims against several individuals. Dr. Tran allegedly delayed treatment of Plaintiff's dental issues while knowingly providing ineffective pain medication. Dental Assistant Doe caused a two-week delay in dental care when she refused to send Plaintiff for emergency treatment on August 28, 2023. HCU Administrator Vinyard received Plaintiff's grievances during this same time period (September 6, 2023 and September 22, 2023) and nevertheless disregarded or delayed his request for emergency dental care. Count 1 will receive further review against Defendants Tran, Doe, and Vinyard.

However, Plaintiff fails to allege deliberate indifference by Dr. Sandhu, the dentist who visited Centralia and offered the option of immediate extraction (without the suction machine) or delayed treatment (with the repaired machine). Plaintiff chose to proceed with the procedure after the dentist advised him of the risk that it would not work. Plaintiff does not claim that this defendant caused undue delay, unnecessarily prolonged pain, or other injuries resulting from misconduct. Plaintiff developed an infection after the procedure was completed, and he obtained medication and treatment for it from another dentist at the prison. Therefore, Count 1 will be dismissed without prejudice against Defendant Sandhu.

**Count 2**

To proceed with a deliberate indifference claim against Wexford, Plaintiff must allege that a policy, custom, or widespread practice attributable to the corporation caused a violation of his constitutional rights. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782,786 (7th Cir. 2014) (citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). Plaintiff's allegations that Wexford's policies of denying outside dental care, providing no full-time dentist on site, and delaying emergency

4

dental care exacerbated his injuries and unnecessarily prolonged his pain state a viable claim. Therefore, Count 2 will proceed against Wexford.

### Identification of Unknown Defendant

Count 1 survives screening against Dental Assistant Jane Doe, but the defendant must be identified with particularity before the lawsuit can be served on her. Plaintiff will have an opportunity to engage in limited discovery to ascertain the identity of the defendant. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Warden of Centralia Correctional Center will be added as a defendant in his or her official capacity for purposes of identifying the unknown defendant. Once the name of the unknown defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the First Amended Complaint.

### Disposition

The First Amended Complaint (Doc. 13) survives screening pursuant to 28 U.S.C. § 1915A. **COUNT 1** will proceed against **DENTIST TRAN, HCU ADMINISTRATOR VINYARD,** and **DENTAL ASSISTANT JANE DOE**, and this claim is **DISMISSED** without prejudice against **DENTIST SANDHU. COUNT 2** will proceed against **WEXFORD HEALTH SOURCES, INC.**

The **CURRENT WARDEN of CENTRALIA CORRECTIONAL CENTER** (official capacity only) is **ADDED** for purposes of responding to discovery aimed at identifying **DENTAL ASSISTANT JANE DOE** with particularity.

The Clerk shall prepare for the **CURRENT WARDEN of CENTRALIA CORRECTIONAL CENTER**, in his or her official capacity only, and Defendants **TRAN, VINYARD,** and **JANE DOE (once identified)**, in their individual capacities: (1) Form 5 (Notice

5

of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 13), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

The Current Warden of Centralia Correctional Center need not file an answer and need only appear in this matter. All other defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and SDIL-LR 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk of Court is DIRECTED to ENTER the Court's standard HIPAA-Qualified Protective Order; ADD the CURRENT WARDEN OF CENTRALIA CORRECTIONAL CENTER, in an official capacity only, as a defendant in CM/ECF; and TERMINATE Defendant SANDHU as a defendant in CM/ECF.**

**IT IS SO ORDERED.**

DATED:   January 23, 2025            *s/ Staci M. Yandle*
                                     **STACI M. YANDLE**
                                     **United States District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.